UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICHARD T. SERNE,

          Plaintiff,          Case No. 1:25-cv-1102

v.                                      Honorable Phillip J. Green

KALAMAZOO COUNTY SHERIFF
DEPARTMENT,

          Defendant.
_____/

**OPINION**

This is a civil rights action brought by a Kalamazoo County Jail detainee under 42 U.S.C. § 1983.  In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 6, PageID.38.)

This case is presently before this Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendant has not yet been served, the undersigned concludes that Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendant is not a party who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

standards, the Court will dismiss Plaintiff's amended complaint[2] for failure to state a claim.

## Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated at the Kalamazoo County Jail in Kalamazoo, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the Kalamazoo County Sheriff Department. (Am. Compl., ECF No. 6, PageID.35.)

In Plaintiff's amended complaint, he states that he has "been incarcerated awaiting trial as of March 31st of 2025."[3] (*Id.*, PageID.37.) Plaintiff further states that at an unspecified time, he "was moved to protective custody against [his] wishes," and he has "asked to be moved countless times." (*Id.*)

Additionally, Plaintiff states that he has been "assaulted twice while in this custody and . . . had to have X-rays and [an] MRI and other medication." (*Id.*) Plaintiff "asked numerous times for charges to be filed but . . . ha[s] heard no response." (*Id.*) Plaintiff believes that this is because "the jail . . . would rather not

---

[2] Plaintiff and nineteen other county detainees originally filed a complaint on September 9, 2025. *See Evans et al. v. Kalamazoo Cnty. Sheriff Dep't et al.*, No. 1:24-cv-1064 (W.D. Mich.). In an order entered on September 15, 2025, the Court severed Plaintiffs' claims into twenty related cases. The above-captioned action is the result of this severance. In the September 15, 2025, order, the Court also directed each Plaintiff to file an amended complaint in his own case. In response, Plaintiff filed an amended complaint (ECF No. 6), which is the operative complaint in this action.

[3] In this opinion, the Court corrects the capitalization in quotations from Plaintiff's amended complaint.

4

have assault charges while in its protective custody." (*Id.* (phrasing in original retained).)

Plaintiff alleges that "for seven months," he has "been locked down for 23 hours a day with no recreation, fresh air, sunlight, razors for shaving, commissary, and no access to the law library." (*Id.*) Plaintiff also alleges that the one hour "to use a phone is also denied or not given until after business hours." (*Id.*) Plaintiff states that as a result, the majority of his communication with his attorneys has been via mail. (*Id.*) Plaintiff further states that for one of his cases, he has not heard from his attorneys "for over 5 months." (*Id.*) As relief, Plaintiff asks the Court to determine "what would be a remedy." (*Id.*, PageID.38.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability

5

requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Defendant Kalamazoo County Sheriff Department

Plaintiff names the Kalamazoo County Sheriff Department as the sole Defendant. (Am. Compl., ECF No. 6, PageID.35.) However, the Kalamazoo County Sheriff Department does not exist as a separate entity; it is simply an agent of the county. *See Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988); *Bayer v. Almstadt*, 185 N.W.2d 40, 41 (Mich. Ct. App. 1970)). Accordingly, for this reason alone, Defendant Kalamazoo County Sheriff Department will be dismissed for failure

to state a claim. Moreover, construing Plaintiff's *pro se* complaint with all required liberality, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even if the Court assumes that Plaintiff intended to sue Kalamazoo County, rather than the Kalamazoo County Sheriff Department, as explained below, he fails to state a claim. *See infra* Section II.B.

      **B.**    **Kalamazoo County**

Kalamazoo County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent

and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff alleges that, at an unspecified time, he "was moved to protective custody against [his] wishes," and he has "asked to be moved countless times." (Am. Compl., ECF No. 6, PageID.37.) Plaintiff further alleges that he has been detained "with no recreation, fresh air, sunlight, razors for shaving, commissary, and no access to the law library" for seven months. (*Id.*) Further, Plaintiff states that he has been "assaulted twice while in this custody and have had to have X-rays and [an] MRI and other medication." (*Id.*) Plaintiff "asked numerous times for charges to be filed but . . . ha[s] heard no response." (*Id.*)

The Court does not minimize Plaintiff's experience; however, Plaintiff alleges no facts about who is responsible for this type of detention. (*See generally id.*) That is, Plaintiff does not indicate whether individual corrections officers at the jail are choosing to impose these conditions on him or whether these are facility-wide conditions that are imposed on all inmates. Because Plaintiff alleges no facts about who is responsible for this type of detention, Plaintiff necessarily fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff

failed to allege facts tending to support the allegation). Plaintiff therefore fails to state a claim against Kalamazoo County.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   October 27, 2025                         /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge